CAIN & HERREN, ALC
ATTORNEYS AT LAW
Michael J. Collins, Esq.        #9087
2141 W. Vineyard Street
Wailuku, Hawai'i 96793
Tel:    (808) 242-9350
Fax:    (808) 242-6139
Email: mike@cainandherren.com

*Attorneys for Plaintiff M.E.O.W.I.E. Foundation Inc. dba Beach Broadcast, and CARROL HALL*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| M.E.O.W.I.E. FOUNDATION INC. dba BEACH BROADCAST; and CARROL HALL<br><br>Plaintiff,<br><br>vs.<br><br>ALPHABET, INC.; GOOGLE LLC, dba YOUTUBE; XXVI HOLDINGS, INC.; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; and DOE PARTNERSHIPS 1-50,<br><br>Defendants. | 1:21-CV-00215-DKW-WRP<br>(Contract and HRS480§2)<br><br>SECOND AMENDED COMPLAINT |

## SECOND AMENDED COMPLAINT

AND NOW COMES Plaintiff M.E.O.W.I.E. FOUNDATION INC. dba BEACH BROADCAST, by and through their attorneys CAIN & HERREN, ALC, (hereinafter "Plaintiff"), and file this Second Amended Complaint against ALPHABET, INC.; GOOGLE LLC, dba YOUTUBE; XXVI HOLDINGS, INC.; JOHN DOES 1-10; JANE

DOES 1-10; DOE CORPORATIONS 1-10; and DOE PARTNERSHIPS 1-50 (hereinafter "Defendants") alleges and avers as follows:

## FACTS COMMON TO ALL COUNTS

1. At all times relevant herein, Plaintiff M.E.O.W.I.E. FOUNDATION INC. dba BEACH BROADCAST, is and was a domestic nonprofit corporation incorporated under the laws of the state of Hawaii, with its principal place of business in Kihei, Hawaii.

2. At all times relevant herein, CARROL HALL, is an adult individual living in the County of Maui and the State of Hawaii.

3. DEFENDANT ALPHABET INC. is a for profit, public corporation incorporated under the laws of the State of Delaware, with its principal place of business in Mountain View, California and regularly conducts business throughout the state of California and globally. On information and belief, at all relevant times, Defendant ALPHABET INC. acts as an agent of Defendant GOOGLE LLC, dba YOUTUBE and controls and/or participates in controlling/directing discriminatory practices as related to restricting constitutionally protected speech, religious discrimination, and national origin discrimination, as well as other causes of action alleged in this complaint regarding the YouTube.com website and/or platform. As the parent company of DEFENDANT GOOGLE LLC, dba YOUTUBE, it is liable for its actions or omissions as agent that violate the law and cause financial loss to Plaintiff;

4. DEFENDANT GOOGLE LLC, dba YOUTUBE (hereinafter "YOUTUBE") is a for profit limited liability corporation, wholly owned by ALPHABET

INC. and organized under the laws of the State of Delaware. YOUTUBE's principal place of business is San Bruno, California and it regularly conducts business throughout the state of California and globally. Defendant YOUTUBE operates the largest and most popular internet video viewer site, platform, and service in the world and holds itself out as one of the most important and largest public forums for the expression of ideas and exchange of speech available to the public. On information and belief, at all relevant times Defendant YOUTUBE uses, relies on, and participates with GOOGLE, LLC in restricting speech on the YOUTUBE website, platform, or service;

     5.     DEFENDANT XXVI HOLDINGS, INC. is a for profit, public corporation incorporated under the laws of the State of Delaware.  Defendant XXVI HOLDINGS, INC. is the managing member of DEFENDANT GOOGLE LLC, and controls and/or participates in controlling/directing discriminatory practices as related to restricting constitutionally protected speech, religious discrimination, and national origin discrimination, as well as other causes of action alleged in this complaint.  As the managing member of DEFENDANT GOOGLE LLC, it is liable for its actions or omissions as agent that violate the law and cause financial loss to Plaintiff;

     6.     Defendants JOHN DOES 1-10, JANE DOES 1-10, DOE CORPORATIONS 1-10, and DOE PARTNERSHIPS 1-50 (hereinafter referred to as "Doe Defendants") are persons, corporations, partnerships, and/or business entities who acted in a negligent, wrongful or tortious manner which proximately caused or contributed to injuries and damages sustained by Plaintiff.  Plaintiff has been unable to ascertain the names and identities of the above-named Doe Defendants from the

investigation that has been conducted to date. Accordingly, Plaintiff has sued the unidentified Doe Defendants herein with fictitious names pursuant to rule 17(d) of the Hawaii Rules of Civil Procedure, and Plaintiff will substitute the true names, identities, capacities, and/or omissions of the Doe Defendants when the same are ascertained;

7. All of the acts and occurrences alleged herein took place in the County of Maui, State of Hawaii, therefore venue is appropriate in this Court;

8. This Court has personal jurisdiction over Defendants ALPHABET, INC. and GOOGLE, LLC dba YOUTUBE, and XXVI HOLDINGS, INC. as they are corporate entities that regularly conduct business with residents of Maui and other consumers across the state of Hawaii;

9. The parties entered into an agreement in which Plaintiff as a content generator would produce and post videos on its youtube channel, "Santa Surfing Beach Broadcast".

10. The posting of this content on YOUTUBE attracts viewers across the world, which allows YOUTUBE to generate income through advertising to third parties;

11. In exchange, YOUTUBE agrees to pay Plaintiff revenue per mille (RPM) based on actual viewer traffic of these videos. Plaintiff has been relying almost exclusively on this RPM income and sale of products relating to its YouTube channel to pay monthly personal and business expenses;

12. YOUTUBE itself is not a content generator and relies exclusively on individuals to generate content to attract viewers and consequently advertisers to its social media service;

13. For months, the Parties relationship was mutually beneficial and lucrative to both Plaintiff and YOUTUBE;

14. Plaintiff has created a very successful following of its YouTube videos which provides consumers a conservative alternative view of current events that are not entertained by media and most social media;

15. Plaintiff's high web traffic is a testament that many Americans hunger for content relating to its non-mainstream viewpoints and socially conscious public voice;

16. Plaintiff is aware that President Trump on occasion has viewed its YouTube videos because the content has been referenced by him in his political speeches;

17. However, at one point YOUTUBE began a campaign of censorship which caused the removal of some of Plaintiff's videos, restricted Plaintiff's ability to post new videos for a period of time; and suspended/cancelled Santa Surfing Beach Broadcast channel without notice;

18. Besides lacking merit, this censorship campaign has caused Plaintiff extreme financial loss and has exposed YOUTUBE to civil liability resulting in this lawsuit to demand compensation for these financial losses;

19. Substantively, the censorship makes no sense because YOUTUBE allows the posting of violent material, of which Plaintiff has proof, but it does not censor this material;

20. Upon information and belief, the censorship in this case is based purely on content which YOUTUBE finds unfavorable, citing but incites no violence and breaks no standards of conduct per YOUTUBE's end-user agreement;

21.     Further, YOUTUBE cites Plaintiff for violations of World Health Organization guidance;

22.     YOUTUBE's labeling of Plaintiff's content as hateful is arbitrary and capricious and has no factual support;

## COUNT ONE - BREACH OF CONTRACT

23.     Plaintiff re-alleges the allegations contained in Paragraphs 1-22 and incorporates them hereto;

24.     YOUTUBE'S standard for paying RPMs is based in recording the number of channel views and assigning the content creator a monetization ratio which is then used to calculate;

25.     On occasion, YOUTUBE modifies the monetization ratio, which has a major impact on the compensation a content creator receives;

26.     At one point, Plaintiff was earning between three thousand ($3,000.00) dollars and twenty five thousand ($25,000.00) dollars a month from YOUTUBE.  In addition to this RPM income, was also separately selling its products to customers relating to the YouTube channel in the amount of four thousand ($4,000.00) dollars a month. Consequently, Plaintiff's total monthly earnings from posting its content on YouTube was approximately twenty nine thousand ($29,000.00) dollars a month; In December 2020, the gross receipts from sales was $82,000.00.

27.     YOUTUBE began a censorship campaign against Plaintiff shortly after Plaintiff posted a video titled "Trump Booms, Gets Closer to TRUMPSARA / NESARA Explained".  This is a video of President Trump explaining great things to come, and

YOUTUBE responded by taking down this video and labeled Plaintiff's YouTube channel "hate speech;"

28. Even prior to this incident, YOUTUBE began manipulating Plaintiff's earnings and restricting viewers to its channel by not featuring the channel to the general public as it would with other content generators;

29. YOUTUBE also begin to change the URL of Plaintiff's YouTube channel, which made it impossible for Plaintiff to advertise its channel. This of course, also had a substantial impact on Plaintiff's viewership and thus Plaintiff's RPMs and ability to market its products;

30. Attached as Exhibit A are true and correct copies of screenshots Plaintiff obtained from YOUTUBE indicating its web traffic, which although it increased over time, resulted in less RPM income due to YOUTUBE's manipulation of its monetization ratio;

31. Plaintiff was also forced to defend a meritless closed captioning complaint on YouTube which is ridiculous, because YOUTUBE is able to provide closed-captioning on videos posted by its content generators. Its choice to remove close captioning is entirely within the control of YOUTUBE and further exposes Plaintiff and others to financial loss;

32. Further, on October 21, 2020, YOUTUBE suspended Plaintiff's ability to upload videos to its main channel, deleted 100 of its uploaded videos (which it labeled as "hateful" without evidence), and on October 27, 2020 YOUTUBE demonetized its main channel.

33. Because Plaintiff's channel was suspended, it was not able to challenge any of these actions.

34. YOUTUBE indicated that it would give Plaintiff two more warnings before a full suspension, but on January 11, 2021, YOUTUBE terminated Plaintiff's channel without merit or notice.

## COUNT TWO - HRS § 480

35. Plaintiff re-alleges the allegations contained in Paragraphs 1-34 and incorporates them hereto;

36. This claim relates specifically to Plaintiff CARROL HALL and not M.E.O.W.I.E. FOUNDATION INC. dba BEACH BROADCAST;

37. Plaintiff Hall is the podcaster that creates the content and makes use of the YOUTUBE channel;

38. As she is the creator of the content, she expresses herself through the messages contained in the videos;

39. Censorship of the videos is accordingly censorship of her speech;

40. YOUTUBE is supposed to monitor the content of its videos in a content-neutral manner;

41. YOUTUBE itself is not a content generator;

42. It cannot unfairly label content as hate speech in patent disregard of the economic effect such labeling has on Plaintiff or other content generators;

43. None of Plaintiff's videos promoted or contained hate speech;

44. Expressing an opinion that recent shootings were planned events by individuals does not incite viewers to violence;

45. Further, there are many other controversial content creators that post about Antifa or BlackLivesMatter that take similarly controversial positions and yet are not censored by YOUTUBE;

46. As Plaintiff's income is tied to posting of content on YOUTUBE, Plaintiff is very mindful of its obligations under the end-user agreement and does not violate the standards of YOUTUBE's internal regulations;

47. Until YOUTUBE restores Plaintiff's channel and restores its monetization ratio to pre-censorship levels and removes any false hate speech labels on its file with YOUTUBE, Plaintiff will continue to suffer a one hundred percent (100%) drop in income, which YOUTUBE must compensate Plaintiff for;

48. YOUTUBE has accused Plaintiffs of having videos that allow obscene, lewd, lascivious, filthy, excessively violent, harassing, or otherwise objectionable content;

49. However, YOUTUBE has refused to censor actual third-party content that is obscene, lewd, lascivious, filthy, excessively violent, harassing, or otherwise objectionable from other channels and fully monetizes those videos / channels; and some with a Warning before the video. Some Videos containing such:

> https://www.youtube.com/watch?v=0mNUa1m3RUI
> https://www.youtube.com/watch?v=uDr9hRJqPX4
> https://www.youtube.com/watch?v=fF3aPT7C51Y
> https://www.youtube.com/watch?v=8DCirE03umA
> https://youtu.be/ZUG9qYTJMsI

https://screencast-o-matic.com/watch/crnIfASurm
https://screencast-o-matic.com/watch/cYXQqCMuDD

50.     YOUTUBE'S arbitrate and capricious use of content censorship constitutes unfair and deceptive trade practice under HRS§480(2), et seq., which consequently means any verdict by the jury or the Court should consider an additional assessment of treble damages under the statute.

WHEREFORE, Plaintiff prays for judgment against ALPHABET, INC., GOOGLE LLC, dba YOUTUBE, and XXVI Holdings, INC., jointly and severally, as follows:

a.      Damages in an amount to be proven at trial, but not less than fifty thousand ($50,000.00) dollars;

b.      Treble damages pursuant to HRS§480(2) to be awarded in favor of Plaintiff CARROL HALL exclusively;

c.      Costs and reasonable attorneys' fees incurred in this litigation;

d.      Prejudgment and post judgment interest;

e.      Enjoin Plaintiff from similar and future baseless censorship; and

f.      Such additional and further relief deemed just and equitable by this Court.

Plaintiff contends that the amount of damages as alleged herein fall within the jurisdictional requirements of this Court.

/

/

/

Dated: Wailuku, Maui, Hawaii, Tuesday, June 29, 2021.

CAIN & HERREN, ALC

_____
Michael J. Collins, Esq.
*Attorneys for Plaintiff M.E.O.W.I.E.
Foundation Inc. dba Beach Broadcast
and CARROL HALL*